(Superior Court of Cincinnati, 1901.)

IN RE INDEBTEDNESS OF DANIEL W. BROWN, etc.

---

A statute, the effect of which is to confer upon the common pleas courts of certain counties a jurisdiction in certain proceedings which is denied to such courts in other counties, is unconstitutional because of lack of uniformity.

Where such unconstitutionality permeates a provision contained in such statute conferring the same jurisdiction upon superior courts in cities where there are such courts, is being interwoven and dependent upon the other provision, both provisions must fall together.

DEMPSEY, J.

The delay in the decisions of the motions involved in this case, was in consequence of a view entertained by me with regard to a question presented herein; and which question was awaiting the determination of the supreme court. In the case of In Re Assignment of Roberg & Co., 18 O. C. C., 367, it was held by the circuit court of this county that an act of the general assembly conferring jurisdiction on the court of insolvency in certain matters, and withdrawing such matter from the jurisdiction of the common pleas court, etc., is unconstitutional for lack of uniform operation. At page 371, the court say that "if it be necessary to withdraw certain matters from the jurisdiction of the court of common pleas and add them to that of the court of insolvency, no sufficient reason of a local nature has been suggested why this should be so in Hamilton county that does not apply to any and all of the counties of the state." This decision was affirmed by the supreme court, in Meyer v. Dempsey, Trustee, 43 W. L. B.,131, issue March 5th 1900.

In the case at bar, the proceeding by way of audit, and the subsequent proceedings in court, are in the nature of special proceedings; and it is provided that "a statement of account * * * shall be at once filed with the clerk of the superior court of such city, if there be one, otherwise with the clerk of the common pleas in the county in which such city is situated, * * *, and such account shall be placed by such clerk upon the docket of the court as a pending action, summons to be served therein as in other civil actions, and said account to be prima facie evidence of the amount of such indebtedness." The effect of this provision is to confer upon the common pleas courts of certain counties a jurisdiction in the above character of proceedings which is denied to such courts in other counties. Under the ruling in the above case by the circuit and supreme courts such a provision is unconstitutional because of lack of uniformity.

This unconstitutionality permeates the provision as to conferring such jurisdiction upon this court, because it is evident that it is so connected and interwoven and dependent with and upon the other provision as to common pleas courts that they cannot be separated, and that they were intended as one whole, and would not have passed one without the other; the one being unconstitutional, then both must fall together.

The law being thus unconstitutional, no power is conferred upon the superior court to entertain these proceedings, and, hence, the motion of said Fleischman estate for a dismissal of these proceedings must be granted. The result of this view of this case is that it affects the whole case, and all parties thereto, and will invalidate all former orders made herein.

As this question was not presented at any hearing of his case, it is to be understood that this opinion is not intended to have the effect, in any way, of questioning the soundness of the decisions upon which those orders were made.

Should counsel wish a reasonable time, before making the entry herein, to examine into the constitutional question herein, the court will only be too glad to wait until they do so.

Corporation counsel, for city.

Kramer & Kramer, for Fleischman Estate.